# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CYNTHIA DOMINICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) C.A. No.: N20C-02-150 FJJ | |
| | ) | |
| THE GREENERY AT RODNEY | ) | |
| SQUARE, INC., GREENERY | ) | |
| CATERERS, INC., THE ROCKWOOD | ) | |
| PRESERVATION SOCIETY, INC., and | ) | |
| NEW CASTLE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 4, 2020
Decided: September 14, 2020

## MEMORANDUM OPINION

*On Defendant the Greenery at Rodney Square, Inc., Greenery
Caterer, Inc. Motion for Summary Judgment -
Granted in Part and Denied in Part*

Timothy A. Dillon, Esquire
McCann & Wall, LLC,
300 Delaware Avenue, Suite 805, Wilmington, DE 19801.
*Attorney for Plaintiff Cynthia Dominica*

Colin M. Shalk, Esquire
Casarino, Christman, Shalk, Ransom & Doss, P.A.,
1007 N. Orange Street, Suite 1100, P.O. Box 1276, Wilmington, DE 19899.
*Attorney for Defendants, the Greenery at Rodney Square and Greenery Caterers, Inc.*

Mary A. Jacobson, Esquire
New Castle County Government Center,
87 Reads Way, New Castle, DE 19720.
*Attorney for New Castle County.*

**Jones, J.**

1

## Introduction

This is a personal injury action that arises out of a slip-and-fall that occurred on May 18, 2018 at the Rockwood Park and Museum ("Rockwood"). The incident occurred as Plaintiff was leaving a wedding held at the museum. Plaintiff alleges in her Complaint that she slipped and fell "due to an unsafe and defective walkway" that connected to a parking lot for the facility. Defendants, the Greenery at Rodney Square, Inc., and Greenery Caterers, Inc., (collectively "the Greenery") have filed a Motion for Summary Judgment, ("Motion") arguing that it had no obligation to maintain or repair the walkway which was outside of the leased Premises under the terms of the Lease Agreement and that under Delaware law the Greenery owes no duty to Plaintiff for any injury that occurred outside of the leased Premises. Plaintiff opposes the Greenery's Motion, arguing that the Motion is premature as discovery has not taken place, and that under Delaware law a lessee can be held liable for injuries occurring on premises not controlled by the lessee on a duty to warn theory.

In a prior decision, this Court granted New Castle County's Motion to Dismiss on the grounds of statutory immunity.

## Facts

On May 18, 2018 the plaintiff attended a wedding held in the Museum building at the Rockwood Park and Museum in New Castle County, Delaware. The wedding was catered by the Greenery. She was leaving the wedding to return to the

parking lot. Plaintiff alleges that she slipped and fell due to an allegedly defective walkway and poor lighting.

Rockwood is owned by New Castle County and was leased by the Greenery at the time of Plaintiff's accident. The Greenery's Lease of Rockwood is governed by a Lease Agreement ("Agreement") with New Castle County. Under the terms of the Agreement, the Greenery leases the Carriage House and its adjacent patio area for the purposes of "banquet, catering and other special event use consistent with the operation of a restaurant and banquet facility." Under the Lease Agreement, the Greenery is obliged to provide any and all services necessary to maintain the premises in good, safe and sanitary conditions. As to the duties of New Castle County, the Agreement provides:[1]

> Lessor [New Castle County] shall, at its own expenses, promptly perform all needed repairs to the Premise, including repairs and replacements required to the roof, walls, all structural features and all HVAC, electrical, mechanical, plumbing and sewer systems in and associated with the operation of the Carriage House and the surrounding grounds, including the parking areas, (both on the Premises and adjacent thereto) walkways, paths, retaining walls and patio areas. By way of illustration and not limitation, Lessor shall be responsible for the re-paving and striping of all parking lots, walkways, and paths on the Premises, as well as the structural integrity and soundness of all retaining and/or decorative walls on the grounds of the Premises. Lessor will also be responsible for the maintenance and repair of the automatic door opener for handicap accessibility and the elevator in the Carriage

---

[1] The lease defines the premises as "a dining and banquet facility with adjacent patio area known as the Carriage House.

House. Lessor shall endeavor to perform any such needed repairs in such a way as to cause as little disruption as reasonably possible in the conduct of the Lessee's business and use of the Premises.

Plaintiff alleges the following acts of negligence on the part of the defendants:

(a) Failed to remedy a dangerous condition such to make it safe;

(b) Failed to remove, repair and/or remedy a dangerous condition so as to prevent the premises from injuring users of the premises when the Defendants knew or should have known that the danger existed;

(c) Failed to give any notice or warning to visitors and invitees to the dangerous conditions, although Defendant knew or should have known the danger posed by the various defective conditions;

(d) Knew or should have known the existence of an unsafe condition on its premises, through periodic and reasonable inspections of the premises;

(e) Failed to perform reasonable maintenance on the walkway area in question, the lights on the premises, the parking lot and the trees and shrubs on the premises which led to defective and dangerous conditions that posed a risk of injury to users of the premises;

(f) Failed to perform reasonable inspections of the walkway area in question, the lights on the premises, the parking lot and the trees and shrubs on the premises which led to defective and dangerous conditions that posed a risk of injury to users of the premises;

(g) Failed to ensure that users of the premises had a safe, hazard free and reasonable way to enter and exit the premises by the use of the parking lot and walkway in question;

(h) Failed to employ and manage employees and personnel that were tasked with premises maintenance, inspection and ensuring that users of the premises did not face slip, trip and fall hazards on the property;

4

(i)      Failed to create and follow written policies and procedures related to the identification of, inspection for, remediation of and maintenance related to slip, trip and fall hazards on the property and at the location of this incident specifically;

(j)      Were otherwise negligent in that the Defendants failed in their duty to protect visitors and invitees who were unlikely to be aware and/or fully appreciate the risk of latent slip, trip and fall hazards on the premise.

(k)      Were otherwise negligent as the discovery process will reveal.

## Standard of Review

In considering a Motion for Summary Judgment, the Court is required to examine the record, all pleadings, affidavits and discovery.[2] The Court must view this evidence in the light most favorable to the non-moving party.[3] Summary judgment may be granted only when the Court's view of the record reveals that there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law.[4]

## Analysis

The Plaintiff concedes that the Lease Agreement between New Castle County and the Greenery provides that New Castle County is responsible for the maintenance and repair of the walkway and parking lots on the premises. There is also no factual dispute that the area where the plaintiff fell was outside of the premises leased by the Greenery. On this basis, the Greenery is entitled to Summary

---

[2] *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1975).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] *Gilbert v. El Paso Co.*, 575 A.2d 1131, 1142 (Del. 1990).

Judgment as to the Counts based on a duty to maintain and/or repair. **IT IS SO ORDERED**.

I now turn to Plaintiff's claims based on a theory that the Greenery had a duty to warn plaintiff about dangerous conditions outside of the portion of the premises that were leased by the Greenery. Essentially, the Greenery contends that it owes no duty to warn the plaintiff for an injury that occurred outside of the actual premises leased by the Greenery. On its surface, the argument is appealing. However on closer inspection of Delaware law, there can be a duty on the part of a lessee to warn a business invitee of dangers associated with an adjacent piece of property under certain conditions, especially when that adjacent piece of property is essential to the ingress and egress of the leased premises.

The starting point for this analysis is §360 of the Restatement of Torts and Comment A of that Section. §360 provides:

> A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee… for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

Comment A is directly relevant to the instant dispute. It provides as follows:

> The rule stated in this Section applies to subject the lessor to liability to third persons entering the land, irrespective

6

of whether the lessee knows or does not know of the dangerous conditions. The lessee may, for example, know that the common entrance to the apartment of office which has leased has become dangerous for use because of the lessor's failure to maintain it in safe condition. His [the lessee's] knowledge may subject him to liability even to his own licensees, if he fails to warn them of the dangers. It will not, however relieve the lessor of liability for negligence in permitting the entrance to become dangerous.

Comment A clearly contemplates liability to a lessee based on a duty to warn licensees of dangerous conditions on portions of real property which are not under the lessee's control. The question before me is whether Comment A to §360 has been adopted in Delaware and, if not, whether it should be. The answer is that at least one Court has adopted Comment A to §360. Moreover, the reasons for its adoptions are sound, compelling this Court to agree that Comment A should be part of Delaware's jurisprudence.

In *Carolyn Kendzierski v. Delaware Federal Credit Union, d/b/a Del One, and the State of Delaware*, 2009 WL 342895 (Del.Super., 2009), this Court addressed the argument at issue in this case. In *Kendzierski* the Plaintiff fell and was injured on the steps of a building that was owned by the State of Delaware and leased to Delaware Federal Credit Union. The steps of the building were allegedly in disrepair. The case against the State was dismissed under the immunity provisions of the State Tort Claims Act. DFCU had a lease with the State wherein the State was responsible for maintenance and repair of the steps in question. The *Kendzierski*

7

Court first noted that the Restatement (Second) of Torts §360[5] applied in addressing the duties of the lessee where the lessor retained control of a portion of the leased premises.[6] While the Court held that Plaintiff could not proceed on negligence theories pertaining to repair and maintenance against the lessee, the Court did find that "the commentary to §360 of the Restatement leaves open the possibility that a lessee may be liable to its invitees for failure to warn of dangerous conditions existing in portions of the premises over which the lessor retains control."[7] The Court noted that, "the Court is guided by the well-settled principle that a landowner has a duty to protect or warn invitees against latent dangers to safe ingress and egress even when the hazards arise from an adjacent property."[8] "Because 'liability in this respect is grounded upon the owner's superior knowledge of the danger to the invitee',[9] the Court considers the duty equally applicable to lessees as to property owners." [10] "Thus while a lessor's retention of control over portions of a leased premise relieves the lessee of its obligation to maintain those portions in a reasonably safe condition, it does not imply that the lessee also avoids the duty to warn of such dangers when the lessor fails in its duty."[11]

---

[5] RESTATEMENT (SECOND) OF TORTS §360 (1965).
[6] *See Kendzierski* at *9.
[7] *Id.* At *13.
[8] *Id.,* citing *Coleman v. Nat'l R.R.,* 1991 WL 113332, at *1-2 (Del.Super., June 18, 1991).
[9] *Id.* At 13-14, citing *Niblett v. Pennsylvania Railroad,* 158 A.2d at 384 (1960).
[10] *Id.* At *14.
[11] *Id.*

The reasoning outlined in *Kendzierski* is sound and applicable to the allegations made by the plaintiff in this case.[12] The Greenery claims that Judge Young's decision in *Russum v. IPM Development Partnership, LLC*, 2015 WL 2438748 (Del. Supr. 2015) applies to these facts and exempts the Greenery from liability for Dominica's accident arguing that *Russum* stands for the proposition that Delaware has not adopted Command A to Section 360. The Greenery reads the holding of *Russum* too broadly. The Plaintiff in *Russum* was injured following a slip-and-fall accident that occurred on a defectively designed ramp in front of a retail store located in Dover. The *Russum* Plaintiff subsequently sued the corporate parent of the retail store which leased the premises where the accident took place, arguing that since the retail store was the lessee of the premises, it had a duty to warn her of the defectively designed ramp under Comment A of Section 360. Judge Young disagreed, holding that "a defendant-lessee who had no part in construction or designed the [allegedly defective] ramp in question could not have had knowledge of its defective condition." *Russum v. IPM Dev. P'ship LLC*, 2015 WL 2438748, at *3 (Del. Super. Ct. May 21, 2015). In other words, *Russum* held that Comment A of Section 360 did not create a duty for the retail store to warn customers of the defective ramp, because the retail store was not in a position to be able to detect the alleged design defect which caused the *Russum* plaintiff's injury. *Russum* turned not

---

[12] The Greenery suggests that *Kendzierski* is distinguishable because the lessee had the duty to maintain the steps. As this Judge reads the *Kendzierski* decision, the lessor, not the lessee, had the duty to repair and maintain the steps in question.

on the question of duty, but on the question of knowledge. The facts of this case resemble *Kendzierski* much more closely than *Russum*, making the former a more persuasive authority on the Greenery's duty to warn Dominica about the conditions which led to her injury.

It is possible that a more fully developed record will show that the Greenery had the requisite knowledge to establish liability on its part. The Court will permit the development of a full record to determine whether the plaintiff can establish the knowledge needed to create liability on the part of the Greenery. As I explained during oral argument I am concerned about the appropriate standard that should be applied as to the knowledge required on the part of the Greenery to establish liability against it on a duty to warn theory. If the factual record reveals actual knowledge of a defect on the part of the Greenery that would clearly establish a *prima facie* case. If on the other hand, the factual record reveals only that the Greenery should have known of a defect, it is not clear to me that this is sufficient to establish a duty to warn in these circumstances. I am concerned about how far the lessee of adjacent property must go to determine whether there is a defect on property not controlled by that lessee. I will await a fully developed record to determine whether my concern needs addressing in this case.

At the conclusion of discovery this Court will consider a further motion on whether there are sufficient facts to establish liability on the part of the Greenery on a duty to warn theory if the parties feel that the record warrants such an application.

The Greenery's Motion for Summary Judgment as to those allegations of the Complaint that go to the Greenery's failure to warn are DENIED without prejudice.

**IT IS SO ORDERED.**

_____
Francis J. Jones, Judge

cc:    File&ServeXpress